# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JARED M. WARD, | ) | 1:11-cv-01737 LJO GSA |
| | ) | |
| Plaintiffs, | ) | **ORDER TO SHOW CAUSE** |
| | ) | |
| v. | ) | |
| | ) | |
| MARGARET MIMS, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Jared M. Ward filed his civil rights complaint on October 17, 2011.  On December 18, 2012, the matter was reassigned to District Judge Lawrence J. O'Neill and Magistrate Judge Gary S. Austin.  (Docs. 12-14.)

On December 28, 2012, the December 18th order that had been properly served on Plaintiff at Atascadero State Hospital, Post Office Box 7001, Atascadero, California 93423-7001, was returned by the postal service marked "Undeliverable - Attempted Not Known."

On January 2, 2013, a second piece of mail addressed to Plaintiff in Atascadero was returned by the postal service marked "Undeliverable - Attempted Not Known."

Local Rule 182(f) provides that attorneys and any party appearing pro se are "under a continuing duty to notify the Clerk and all other parties of any change of address or telephone

1

number of the attorney or the pro se party." Thus, Plaintiff is under a continuing duty to keep the Clerk and others informed of any change to his address or telephone number. Because mail addressed to Plaintiff has been returned as undeliverable, Plaintiff has failed to keep the Court informed of his current address despite a continuing duty to do so.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Plaintiff **JARED M. WARD** is hereby **ORDERED TO SHOW CAUSE,** if any, why the action should not be dismissed for his failure to follow the Local Rules. Plaintiff SHALL file a

declaration addressing his failure to keep the court informed, or in the alternative, shall file a Notice of Change of Address with this Court, **no later than January 31, 2013**.  In the event Plaintiff fails to show cause for his failure, this Court will recommend dismissal of the action in its entirety.

IT IS SO ORDERED.

Dated:   **January 3, 2013**             /s/ **Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE

3